IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00236-F-1
No. 5:15-CV-00435-F

| | |
|---|---|
| DAVID NEIL PHILLIPS, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-110] David Neil Phillips's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-104]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and Phillips's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On July 10, 2012, Phillips was charged in each count of a four-count indictment. *See* Indictment [DE-1]. In Count One, Phillips was charged with conspiracy to manufacture, distribute, dispense and possess with intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Count Two charged Phillips with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In Count Three, Phillips was charged with possession of equipment, chemicals, products and material with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). Count Four charged Phillips with possession of pseudoephedrine with intent to manufacture

methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2.

At Phillips's arraignment, held on November 6, 2012, he pled guilty to Counts One and Two pursuant to a written plea agreement [DE-40]. It was agreed that the Government would move to dismiss Counts Three and Four at sentencing. *Id.* at 5.

On April 29, 2013, Phillips moved to withdraw his guilty plea, and his attorney moved to withdraw. The court allowed counsel's motion and held Phillips's motion in abeyance. On May 14, 2013, Phillips's newly-appointed counsel asked the court to allow Phillips to withdraw his guilty plea. The court denied the motion.

Phillips's sentencing was held on June 4, 2013. Phillips was sentenced to life imprisonment on Count One and sixty months' imprisonment on Count Two, to be served consecutively. *See* Judgment [DE-62]. On June 13, 2013, Phillips filed a Notice of Appeal [DE-64]. In an unpublished opinion [DE-94], the Fourth Circuit Court of Appeals affirmed this court's judgment.

On August 27, 2015, Phillips filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-104]. In his § 2255 motion, Phillips raises eleven ineffective assistance of counsel claims, alleging that his attorney: (1) failed to move for a mental competency evaluation; (2) coerced him into signing his plea agreement; (3) failed to adequately investigate and prepare a meaningful defense; (4) failed to retain the services of an independent medical expert; (5) failed to explain his sentencing exposure; (6) failed to file a motion to suppress; (7) misadvised him of his potential sentence; (8) failed to inform him regarding weaknesses in the Government's case; (9) failed to object at sentencing to the drug

2

quantities and additional points for "non-conviction offenses"; (10) failed to ensure that he preserved his right to testify at trial; and (11) failed to inform the court of a conflict of interest. Finally, in Phillips's twelfth claim, he contends that he did not knowingly and intelligently or voluntarily enter his guilty plea. On October 13, 2015, the Government filed a Motion to Dismiss [DE-110], arguing that Phillips failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

3

### III. Discussion

**A. Phillips has failed to state a claim of ineffective assistance of counsel in claims one through eleven.**

Phillips has raised eleven claims of ineffective assistance of counsel in his § 2255 motion. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Phillips's ineffective assistance of counsel claims in turn.

**1. Phillips alleges that his attorney failed to move for a competency evaluation.**

In his first claim, Phillips alleges that his attorney provided ineffective assistance by failing to move for a competency evaluation. Inc. Stat. Fact Supp. [DE-104-1] at 4-7. Phillips contends that he was not mentally competent because he was not taking his prescribed

4

psychotropic medications prior to entering his guilty plea. *Id.* at 4-5. According to Phillips, he told his attorney that he was hearing voices, experiencing mood swings, having uncontrolled racing thoughts, having anger outbursts, getting easily irritated, having poor concentration, and did not understand what was transpiring. *Id.* at 5. Phillips concludes that he was prejudiced by his attorney's failure to move for a competency hearing. *Id.* at 6.

Phillips summarily concludes that he was prejudiced by his attorney's failure to move for a competency hearing. *Id.* This claim must fail under the second prong of the *Strickland* standard because Phillips has failed to sufficiently allege prejudice. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) ("[C]onclusory allegations are insufficient to establish the requisite prejudice under *Strickland*."). Because Phillips has made an insufficient showing on the prejudice prong, this court need not address performance prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

The court notes that Phillips did not raise an issue of competency at either of the hearings at which he asked to withdraw his guilty plea or at his sentencing hearing. *See* April 29, 2013 Tr. [DE-85]; May 14, 2013 Tr. [DE-86]; June 4, 2013 Tr. [DE-76]. Moreover, Phillips's interactions with the court during the April 29, 2013 hearing and the May 14, 2013 hearing reflect someone who has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational and factual understanding of the proceedings against him. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). At the April 29, 2013 hearing, Phillips articulated to the court why he wanted to withdraw his guilty plea. *See* April 29, 2013 Tr. [DE-85] at 3: 18-23. Phillips also explained

that he wanted his attorney to withdraw, but he did not want to represent himself or have attorney Payne serve as standby counsel. *Id.* at 4: 14-17.

In light of the foregoing, Phillips's first claim will be dismissed.

**2. Phillips alleges that his attorney coerced him into signing his plea agreement.**

Phillips alleges in his second claim that his attorney provided ineffective assistance by coercing him into signing his plea agreement. Inc. Stat. Fact Supp. [DE-104-1] at 7-8. Phillips concludes that his attorney's actions have caused him to suffer "actual prejudice." *Id.* at 7.

This claim is belied by the transcript from Phillips's Rule 11 hearing. At Phillips's Rule 11 hearing the following transpired:

> The Court: And has anyone threatened you or anyone else forced you in any way to plead guilty?
>
> Mr. Phillips: No, sir.

*See* November 6, 2012 Tr. [DE-59] at 20: 13-14.

Phillips is bound by his declaration during his Rule 11 hearing, and his current allegations to the contrary must be rejected. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)). Phillips's second claim fails because it is belied by his sworn statements made during his Rule 11 hearing. Consequently, Phillips's

6

second claim will be dismissed.

**3. Phillips alleges that his attorney failed to adequately investigate and prepare a meaningful defense.**

In his third claim, Phillips alleges that his attorney provided ineffective assistance by failing to adequately investigate and prepare a meaningful defense. Stat. Fact Supp. [DE-104-1] at 8. Phillips contends that his attorney failed to question witnesses, visit the crime scene and other locations, examine physical evidence, and canvass facts and evidence in his defense. *Id.*

At the outset, the court notes that Phillips fails to explain what a meaningful defense would have entailed in this case. The evidence against Phillips was strong and based in no small part on his own statements to law enforcement. *See* PSR ¶¶ 14-16. This claim must fail under the second prong of the *Strickland* standard because Phillips has failed to allege any prejudice. Because Phillips has made an insufficient showing on the prejudice prong, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697. Consequently, Phillips's third claim will be dismissed.

**4. Phillips alleges that his attorney failed to retain an independent medical expert.**

Phillips alleges in his fourth claim that his attorney provided ineffective assistance by failing to retain the services of an independent medical expert to conduct a psychological evaluation. Stat. Fact Supp. Inc. [DE-104-1] at 8-9. Phillips contends that the medical expert would have testified regarding his state of mind at the time he entered his plea without his psychotropic medications. *Id.* at 8. Phillips concludes that if his attorney had secured an independent medical expert, it would have bolstered his defense. *Id.*

The court concludes that Phillips cannot establish that his attorney provided

7

constitutionally ineffective assistance based on his decision not to retain an independent medical expert to conduct a psychological evaluation. Generally, the decision whether or not to hire an expert is the type of strategic choice by counsel that may not be second-guessed on habeas review. *Murden v. Artuz*, 253 F.Supp.2d 376, 389 (E.D.N.Y. 2001) (citing *United States v. Best*, 219 F. 3d 192, 201 (2d Cir. 2000) ("[C]ounsel's decision as to 'whether to call specific witnesses–even ones that might offer exculpatory evidence–is ordinarily not viewed as a lapse in professional representation.'") (citations omitted)). Here, Phillips has offered no facts taking this case out of the ordinary. Consequently, Phillips' fourth claim will be dismissed.

**5. Phillips alleges that his attorney failed to explain his sentencing exposure.**

In his fifth claim, Phillips alleges that his attorney provided ineffective assistance by failing to explain his sentencing exposure. Inc. Stat. Fact Supp. [DE-104-1] at 9-10. Specifically, Phillips contends that his attorney failed to advise him that he would get life in prison if he entered a guilty plea. *Id.* at 9.

At his arraignment, Phillips entered a guilty plea to Counts One and Two. *See* November 6, 2012 Tr. [DE-59] at 17: 15-18. The court advised Phillips that the total sentence for both counts was life imprisonment, plus life imprisonment, plus five years supervised release, plus five years imprisonment upon revocation of supervised release. *Id.* at 19: 11-15. Phillips was further advised that he was subject to a $10 million to a $250,000 fine, a special assessment of $200, and may be ordered to pay restitution to any victim of his offense. *Id.* at 19: 15-19. The court asked Phillips whether he understood that his attorney's calculation of his anticipated sentence is only an estimate and that it is the court that determines the actual sentence. *Id.* at 20: 2-5. Phillips, who was under oath, responded affirmatively. *Id.* at 20:6.

8

Phillips's fifth claim fails under the second prong of the *Strickland* standard. As noted, the court advised Phillips that he faced a potential life sentence. The court also advised Phillips that his attorney's calculation of his sentence was only an estimate because it is the court that determines the actual sentence. Because Phillips has made an insufficient showing on the prejudice prong, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697. Accordingly, Phillips's fifth claim will be dismissed.

### 6. Phillips alleges that his attorney failed to file a motion to suppress.

Phillips alleges in his sixth claim that his attorney provided ineffective assistance by failing to file a motion to suppress on the basis that his Fourth and Sixth Amendment rights were violated. Inc. Stat. Fact Supp. [DE-104-1] at 10-12. Phillips concludes that if his attorney had filed a motion to suppress, there is a reasonable probability that the outcome of the proceedings, including the acceptance of his guilty plea, would have been different. *Id.* at 11-12.

Agent Deese with the Johnston County Sheriff's Office testified at Phillips's sentencing about the facts surrounding the search of Phillips's property. *See* June 4, 2013 Tr. [DE-76] at 24: 13-31: 6. Agent Deese testified that he went to Phillips's house on August 23, 2011, in search of a vehicle that was involved in a break-in. *Id.* at 25: 6-16. Agent Deese recalled having seen a similar vehicle at Phillips's house three weeks earlier. *Id.* at 25: 14-19. Agent Deese testified that as soon as he arrived at Phillips's residence, he noticed the suspect vehicle and also what he believed to be a stolen four-wheeler that he was looking for. *Id.* at 26: 3-5. Agent Deese advised everyone that he was seizing the property and everyone was being detained. *Id.* at 26: 8-9. Agent Deese was standing behind Phillips's truck, and Phillips jumped in his truck and put it in reverse to get away. *Id.* at 26: 19-20.

This claim fails under the first prong of the *Strickland* standard. Phillips's attorney reasonably elected not to file a motion to suppress because the stolen property was in Agent Deese's plain view. Phillips's claim also fails under the second prong because Phillips has failed to show that if his attorney had filed a motion to suppress, it would have been successful and would have resulted in a different outcome for him. For these reasons, Phillips's sixth claim will be dismissed.

### 7. Phillips alleges that his attorney misadvised him of his sentence.

In his seventh claim, Phillips alleges that his attorney provided ineffective assistance by misadvising him of his potential sentence. Stat. Fact Supp. [DE-104-1] at 12-13. According to Phillips, his attorney stated that he would not receive a sentence greater than fifteen to eighteen years. *Id.* at 12. Phillips concludes that if his attorney had correctly informed him of his potential sentence prior to pleading guilty, he would have exercised his right to a trial and had a different outcome. *Id.* at 13.

Phillips's claim is belied by the record. At Phillips's arraignment, the court advised him that the total sentence for Counts One and Two was life imprisonment, plus life imprisonment, plus five years supervised release, plus five years imprisonment upon revocation of supervised release. *See* November 6, 2012 Tr. [DE-59] at 19: 11-14. Phillips was further advised that he was subject to a $10 million to $250,000 fine, a special assessment of $200, and may be ordered to pay restitution to any victim of his offense. *Id.* at 19: 15-19. The court asked Phillips whether he understood that his attorney's calculation of his anticipated sentence was only an estimate and that it is the court that determines the actual sentence. *Id.* at 20: 2-5. Phillips, who was under oath, responded affirmatively. *Id.* at 20: 6.

10

Phillips is bound by his declaration during his Rule 11 hearing, and his current allegations to the contrary must be rejected. *See Fields*, 956 F.2d at 1299 ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also Lemaster*, 403 F.3d at 221 ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)). Phillips's seventh claim must fail because it is belied by his sworn statements made during his Rule 11 hearing. Accordingly, Phillips's seventh claim will be dismissed.

**8. Phillips alleges that his attorney failed to properly inform him of weaknesses in the Government's case.**

In Phillips's eighth claim, he alleges that his attorney provided ineffective assistance by failing to properly inform him of weaknesses in the Government's case. Inc. Stat. Fact Supp. [DE-104-1] at 14-15. Phillips concludes that if his attorney had properly advised him, he would have elected to proceed to trial. *Id.* at 15.

This claim must fail for lack of specificity. Specifically, Phillips fails to state what weaknesses in the Government's case his attorney failed to inform him about. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error.") (citation omitted)). As noted under the third claim, the evidence against Phillips was strong and included his own statements to law enforcement. *See* PSR ¶¶ 14-16. Consequently, Phillips's eighth claim will be dismissed.

**9. Phillips alleges that his attorney failed to object at sentencing.**

11

Phillips alleges in his ninth claim that his attorney provided ineffective assistance by failing to object at sentencing to the drug quantities and "non-conviction offenses." Inc. Stat. Fact Supp. [DE-104-1] at 15-16. Phillips concludes that if he had been properly advised, he would not have entered a guilty plea. *Id.* at 16.

A review of the record from the sentencing hearing reveals that Phillips's attorney objected to the six-point enhancement for attempting to strike an officer. *See* June 4, 2013 Tr. [DE-76] at 6: 7-11; Addend. PSR [DE-50] ¶ 2. Phillips's attorney also objected to the inclusion of his unprotected statements. *See* June 4, 2013 Tr. [DE-76] at 30: 16-20; Addend. PSR [DE-50] ¶ 3. Finally, Phillips's attorney objected to his total drug accountability and base offense level. *See* June 4, 2013 Tr. [DE-76] at 33: 1-2; Added. PSR [DE-50] ¶ 5. As Phillips's attorney challenged the most significant enhancements to his advisory guideline range, Phillips cannot show that his attorney provided constitutionally ineffective representation at sentencing. Accordingly, Phillips's ninth claim will be dismissed.

**10. Phillips alleges that his attorney failed to ensure he preserved his right to testify.**

In Phillips's tenth claim, he alleges that his attorney provided ineffective assistance by failing to ensure that he preserved his right to testify at trial. Inc. Stat. Fact Supp. [DE-104-1] at 16-17. Phillips contends that he was deprived of the right to testify in his own defense. *Id.* at 16.

This claim fails under the second prong of the *Strickland* standard because Phillips has failed to allege prejudice. Specifically, Phillips has failed to allege that if his attorney had preserved his right to testify, the result of the proceeding would have been different. As noted, Phillips pled guilty and then unsuccessfully tried to withdraw his guilty plea. Phillips has made an insufficient showing on the prejudice prong; thus, this court need not address the performance

prong. *See Strickland*, 466 U.S. at 697. Consequently, Phillips's tenth claim will be dismissed.

### 11. Phillips alleges that his attorney failed to preserve the conflict of interest issue.

Phillips alleges in his eleventh claim that his attorney failed to inform the court of a conflict of interest. Inc. Stat. Fact Supp. [DE-104-1] at 17. According to Phillips, the conflict of interest deprived him of fair criminal proceedings and unbiased advice from counsel. *Id.*

This claim must fail from lack of specificity because Phillips has failed to allege what conflict of interest existed and how it prejudiced his case. *See Aguirre v. United States*, No. 2:06-CR-76, 2:10-CV-276, 2012 WL 3191958, at *6 (E.D. Tenn. Aug. 2, 2012) ("A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations."). Consequently, Phillips's eleventh claim will be dismissed.

### B. Phillips's twelfth claim is belied by his Rule 11 admissions and the record.

In Phillips's twelfth claim, he alleges that he did not knowingly, intelligently, and voluntarily plead guilty. Inc. Stat. Fact Supp. [DE-104-1] at 17-18.

At Phillips's Rule 11 hearing, held on November 6, 2012, he was advised of the charges against him. *See* November 6, 2012 [DE-59] at 16: 2-17: 14. Phillips, who was under oath, acknowledged that he wished to plead guilty to Counts One and Two and enter a not guilty plea as to the remaining counts. *Id.* at 17: 15-20. Phillips admitted that he was aware he would have to give up the rights associated with a jury trial in order to plead guilty. *Id.* at 17: 21-25, 18: 1-4. Phillips acknowledged that he had discussed with his attorney the charges to which he intended to plead guilty. *Id.* at 18: 7-10. Phillips advised the court that he understood the charges to which he was pleading guilty. *Id.* at 18: 11-12. The court advised Phillips of the maximum possible penalty for Counts One and Two. *Id.* at 19: 11-19. Phillips stated that he understood

13

the maximum penalty. *Id.* at 19: 20-21. The court asked Phillips if anyone had threatened him or forced him in any way to plead guilty. *Id.* at 20: 13-14. Phillips responded in the negative. *Id.* at 20: 15.

Phillips is bound by his declarations during his Rule 11 hearing, and his current allegations to the contrary must be rejected. *See Fields*, 956 F.2d at 1299 ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Accordingly, Phillips's twelfth claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-110] is ALLOWED, and Phillips's § 2255 motion [DE-104] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Phillips has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

14

This the 10th day of March, 2016.

James C. Fox
Senior United States District Judge