IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-236-FL-1
No. 5:16-CV-577-FL

| | | |
|---|---|---|
| DAVID NEIL PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 124, 125), which challenges petitioner's career offender sentencing enhancement in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling.[1] For the reasons that follow, the court dismisses petitioner's motion to vacate.

**BACKGROUND**

On November 6, 2012, pursuant to a written plea agreement, petitioner pleaded guilty to the following: conspiracy to manufacture, distribute, dispense and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two).

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

On June 4, 2013, petitioner was sentenced to life imprisonment on Count One and 60 months' imprisonment on Count Two, to be served consecutively. Petitioner appealed his judgment, but the Fourth Circuit Court of Appeals affirmed. On April 28, 2014, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner subsequently voluntarily dismissed the motion. Petitioner filed his second § 2255 motion on August 27, 2015. On March 10, 2016, the motion was denied.

On June 26, 2016, petitioner filed the instant § 2255 motion.[2] Petitioner argues that in light of Johnson, he no longer qualifies as a career offender. On July 7, 2016, the Fourth Circuit Court of Appeals denied petitioner's motion filed pursuant to 28 U.S.C. §§ 2244(b), 2255(h) for authorization to file a second or successive § 2255 motion.[3] On August 16, 2016, this case was stayed pending the Supreme Court's final decision in Beckles v. United States, 15-8544. On April 7, 2017, the stay was lifted, and petitioner was directed to show cause why his motion should not be denied in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner failed to respond, and the time for doing so has passed.

## COURT'S DISCUSSION

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was

---

[2] Two documents styled as motions to vacate have been filed in this matter: one was filed by petitioner proceeding pro se (DE 125) and the other was filed by counsel appointed pursuant to Standing Order 15-SO-02 (DE 124). Because the issue raised in each overlaps, this court construes the two documents as a single § 2255 motion.

[3] The Fourth Circuit found that petitioner failed to make the prima facie showing necessary for the requested authorization because his sentence was not impacted by Johnson. Specifically, petitioner's offense level for his offenses of conviction exceeded the career offender offense level set forth in U.S.S.G. § 4B1.1.

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Analysis

This is not petitioner's first § 2255 motion, so he must satisfy the requirements set forth in 28 U.S.C. § 2255(h). Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Fourth Circuit Court of Appeals denied petitioner's motion to pursue his second or successive § 2255 motion. Consequently, petitioner's § 2255 motion is an unauthorized second or successive § 2255 motion. See 28 U.S.C. § 2255(h). Moreover, while not every numerically second case is deemed second or successive, petitioner has not alleged facts to show that the instant motion is not successive. See, e.g., United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second § 2255 motion should not be considered second or successive under § 2255(h) where the facts relied on by the movant did not exist when his first motion was filed and adjudicated). Accordingly, the instant § 2255 motion must be dismissed for lack of jurisdiction.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DISMISSES petitioner's motion to vacate (DE 124, 125). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge